USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/24/2014

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CONSOLIDATED ENERGY DESIGN INC.,                            :
                                                            :
                              Plaintiff,                    :     13 Civ. 8747 (KBF)
                                                            :
               -v-                                          :     OPINION & ORDER
                                                            :
THE PRINCETON CLUB OF NEW YORK,                             :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------ X
```

KATHERINE B. FORREST, District Judge:

Before the Court is defendant Princeton Club of New York's motion to dismiss plaintiff Consolidated Energy Design Inc.'s complaint pursuant to Federal Rule Civil Procedure 12(b)(6). For the reasons set forth below, defendant's motion is GRANTED.

I.    FACTUAL BACKGROUND

For purposes of this motion, the Court assumes the truth of the following allegations set forth in the complaint (ECF No. 1).

Plaintiff Consolidated Energy Design ("CED"), a New Jersey corporation with its principal place of business in New Jersey, is an energy-consulting firm that provides services in the energy conservation arena. (Compl. ¶¶ 3, 8.) Prior to 2007, plaintiff provided "various energy consulting services" to defendant Princeton Club

of New York ("the Club"), whose principal place of business is in New York.  (Id. ¶¶ 2, 4, 9.)[1]

In early 2007, defendant solicited bids for engineering services related to the upgrade of its cooling systems.  (Id. ¶ 10.)  Plaintiff submitted a bid for the project.  (Id. ¶ 11.)  In July 2007, defendant informed plaintiff that it had chosen Siemens instead of plaintiff.  (Id. ¶ 12.)  However, according to plaintiff, defendant insisted that plaintiff work under Siemens to provide engineering consulting services, and assured and promised plaintiff that it would pay plaintiff for rendering the engineering services that it had requested.  (Compl. ¶¶ 13, 23, 29.)  Plaintiff decided to terminate its work on or around October 12, 2007.  (Compl. ¶ 17.)

In December 2007, plaintiff notified defendant that an invoice for its services would be forthcoming.  (Id. ¶ 18.)  In July 2008, plaintiff provided defendant with an invoice for the services it had provided between June and October 2007.  (Id. ¶ 20.)  It took plaintiff some time to compile the materials for the invoice; a delay of several months in providing an invoice was not out of the ordinary between defendant and plaintiff over their 13-year history.  (Id.)  More than half of the money that defendant had paid to plaintiff in the past was not based on written contracts but on invoices plaintiff issued after the requested work had been completed.  (Compl. ¶ 9.)

The Club received and retained the July 2008 invoice without objecting to its contents.  (Id. ¶ 39.)  The Club's manager, Mr. Hines, ignored the invoice.  (Id. ¶ 20.)

---

[1] In a December 28, 2007 email, CED described the work for which it sought payment in July 2008 as "engineering consulting services."  (Compl. ¶ 18.)

Plaintiff's subsequent efforts to have defendant pay the outstanding invoice proved futile. (Id. ¶ 21.)

On December 10, 2013, plaintiff filed the instant complaint, which alleges four causes of action: breach of contract, promissory estoppel, unjust enrichment, and account stated. (Compl. ¶¶ 22–39.) Plaintiff has conceded that its unjust enrichment claim is time-barred. (See Mem. of L. in Opp. to Def.'s Mot. to Dismiss ("Pl.'s Opp.") 1 n.1, ECF No. 14.)

## II.   APPLICABLE LEGAL STANDARDS

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In applying that standard, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in plaintiff's favor, but does not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." Id.

On a Rule 12(b)(6) motion, the Court may also consider whether plaintiff has timely brought claims under the applicable statute of limitations. "Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises [a statutory

bar] as an affirmative defense and it is clear . . . that the plaintiff's claims are barred as a matter of law." Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000).

III. DISCUSSION

  A. Plaintiff's Breach of Contract Claim

Plaintiff's first cause of action, for breach of contract arising from engineering services allegedly performed between June and October 12, 2007 (Compl. ¶¶ 2, 17), is time-barred. The parties do not contest that under New York law, which governs this diversity action,[2] a six-year statute of limitations applies to breach-of-contract claims. ABB Indus. Sys., Inc. v. Prime Tech, Inc., 120 F.3d 351, 360 (2d Cir. 1997) (citing N.Y. C.P.L.R. § 213(2)). The parties also do not contest that "in New York it is well settled that the statute of limitation for breach of contract begins to run from the day the contract was breached, not from the day the breach was discovered, or should have been discovered." Id.; see also John J. Krassner & Co. v. City of N.Y., 46 N.Y.2d 544, 550 (1979).

Furthermore, where "the claim is for payment of a sum of money allegedly owed pursuant to a contract, the cause of action accrues when the [party making the claim] possesses a legal right to demand payment." Hahn Auto. Warehouse, Inc. v. Am. Zurich Ins. Co., 18 N.Y.3d 765, 770 (2012) (alteration in original) citing cases). Thus, the statute of limitations is "triggered when the party that was owed

---

[2] "It is well established that in diversity cases state law governs not only the limitations period but also the commencement of the limitations period." Cantor Fitzgerald Inc. v. Lutnick, 313 F.3d 704, 709 (2d Cir. 2002).

money had the right to demand payment, not when it actually made the demand." Id. at 771.

Here, any purported breach occurred no later than October 12, 2007, the date on which plaintiff ceased its alleged services and would be entitled to payment. (See Compl. ¶ 17.) Plaintiff had a "legal right to demand payment" as of that date. Hahn, 18 N.Y.3d at 770. Thus, New York's six-year statute of limitations period runs from October 12, 2007 to October 12, 2013. However, plaintiff did not file its claim until December 10, 2013, several weeks after the limitations period expired. (See ECF No. 1.) Plaintiff's complaint is therefore untimely.

Plaintiff argues that its claim accrued in July 2008, when it provided an invoice to defendant and defendant failed to pay it. (See Compl. ¶¶ 2, 20, 21.) Plaintiff cites Verizon v. Sprint PCS, in which the Appellate Division ruled that plaintiff's "cause of action for breach of contract accrued, for purposes of the statute of limitations, on [the] date [that] plaintiff's . . . invoice demanded payment, and defendants failed to pay." 43 A.D.3d 686, 686–87 (N.Y. App. Div. 1st Dep't 2007). However, as Judge McGuire correctly argued in dissent, Verizon is inconsistent with both Court of Appeals and Appellate Division precedent.[3] It is true that, in certain cases, "when the right to final payment is subject to a condition, the obligation to pay arises and the cause of action accrues, only when the condition has been fulfilled." Kassner, 46 N.Y.2d at 550. However, in the absence of a condition precedent to payment—as here—the cause of action accrues "on completion of the

---

[3] Verizon, an Appellate Division decision, also preceded Hahn, a Court of Appeals decision.

actual physical work even though incidental matters relating to the project remain[] open." Phillips Constr. Co. v. City of N.Y., 61 N.Y.2d 949, 951 (1984).[4]

"It is uncontested that Plaintiff ceased working for Defendant on October 12, 2007 . . . and filed suit on December 10, 2013." (Pl.'s Opp. 1.)  Plaintiff's complaint is therefore time-barred. See Hahn, 18 N.Y.3d at 770; Phillips, 61 N.Y.2d at 951.  It is irrelevant that plaintiff took months to calculate its billable hours and to generate an invoice and that defendant historically took two to eight months after receipt to pay invoices.  (See Pl.'s Opp. 6, 7.)[5]  "To hold otherwise would allow [a party] to extend the statute of limitations indefinitely by simply failing to make a demand." Hahn, 18 N.Y.3d at 771 (citations and internal quotation marks omitted).

B. Plaintiff's Promissory Estoppel Claim

Plaintiff fails to allege a prima facie claim for promissory estoppel.  "To make out a claim for promissory estoppel, a plaintiff must prove (1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the promisee, and (3) unconscionable injury to the relying party as a result of the reliance." Readco, Inc. v. Marine Midland Bank, 81 F.3d 295, 301 (2d Cir. 1996).

---

[4] The other two cases that plaintiff cites are also inapposite.  In Bluefin Wear Inc. v. Tuesday's Child Boutique, Inc., the plaintiff submitted nine separate invoices, each of which contained a due date; the plaintiff's claim accrued when the defendant failed to pay by that date.  946 N.Y.S.2d 65, 65 (N.Y. Sup. Ct. 2011).  Here, plaintiff presents no evidence that its July 2008 invoice demanded payment by a date certain.  In Hertzberg & Sanchez P.C. v. Friendship Dairies Inc., the court found that the defendant had "failed to meet its burden of establishing when the cause of action for breach of contract accrued" because it could not show the date on which the plaintiff could demand payment. 836 N.Y.S.2d 493, 493 (N.Y. App. Term. 2007).  Here, by contrast, it is undisputed that plaintiff ceased its work on October 12, 2007 and could demand payment on that date.

[5] Nor can plaintiff show that defendant waived the statute of limitations.  Under New York General Obligations Law, a promise to waive, extend, or not to plead the statute of limitations must be made "in a writing signed by the promisor or his agent" in order to be effective.  N.Y. Gen. Oblig. L. § 17-103.

Plaintiff fails to allege a sufficiently clear and unambiguous promise with the specificity required by Twombly and Iqbal.  Rather, plaintiff simply alleges that the "Club made a clear and unambiguous promise to plaintiff that it would pay plaintiff for the engineering services requested by the Club." (Compl. ¶ 29.)  However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions," as here, do not "suffice to prevent a motion to dismiss." Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002).  The only facts that plaintiff alleges—as opposed to legal conclusions—are that defendant represented that plaintiff was part of the design team; that defendant insisted that plaintiff provide engineering services; and that defendant assured plaintiff that it would pay for such services.  (Compl. ¶¶ 17, 23, 37.)  These facts, however, lack the specificity to "nudge[]" plaintiff's promissory estoppel claim "across the line from conceivable to plausible" and to make it "plausible on its face." Twombly, 550 U.S. at 570.[6]  If, for instance, plaintiff had alleged the who, what, where, and when of the instance when it claims that it was "assured" of payment, that might approach or even be sufficient to support an estoppel claim.  A simple assertion that there had been assurance is nothing more than a statement that there had been a promise, which simply presents in conclusory fashion an element of the claim.

---

[6] Because plaintiff's promissory estoppel claim fails to meet the plausibility standard of Twombly and Iqbal, the Court does not reach defendant's arguments that plaintiff has failed to plead an "unconscionable injury" and that plaintiff's claim is duplicative of its breach-of-contract claim. (See Mem. of L. in Supp. of Def.'s Mot. 10–12 ("Def.'s Mot."), ECF No. 9.)

C. <u>Plaintiff's Account Stated Claim</u>

Finally, plaintiff's account stated claim fails. "An account stated is an agreement between the parties to an account based upon prior transactions between them with respect to the correctness of the separate items composing the account and the balance due, if any, in favor of one party or the other . . . ." <u>Chisholm-Ryder Co. v. Sommer & Sommer</u>, 70 A.D.2d 429, 431 (N.Y. App. Div. 1979); <u>see also</u> <u>Ally & Gargano, Inc. v. Comprehensive Accounting Corp.</u>, 615 F. Supp. 426, 428–29 (S.D.N.Y. 1985) ("[A]n account stated refers to a promise by a debtor to pay a stated sum of money which the parties had agreed upon as the amount due.") (internal quotation marks omitted). "To state a claim for an account stated, the plaintiff must plead that: (1) an account was presented; (2) it was accepted as correct; and (3) [a] debtor promised to pay the amount stated." <u>IMG Fragrance Brands, LLC v. Houbigant, Inc.</u>, 679 F. Supp. 2d 395, 411 (S.D.N.Y. 2009) (internal quotation marks omitted).

Here, plaintiff asserts that it sent an invoice for its engineering services to defendant and that defendant failed to object to those invoices. (<u>See</u> Compl. ¶¶ 20, 38, 29.) However, an account stated may not be used to create a contractual obligation where none otherwise exists. "The rule that an account which has been rendered and to which no objection has been made within a reasonable time should be regarded as admitted by the party charged as prima facie correct assumes that there exists some indebtedness owing between the parties" in the first place. <u>Gurney, Becker & Bourne, Inc. v. Benderson Dev. Co.</u>, 47 N.Y.2d 995, 996 (1979).

8

Here, the complaint alleges no agreement by defendant to pay plaintiff anything; rather, plaintiff alleges that defendant has refused to pay any part of the invoice. (Compl. ¶¶ 2, 21, 26.)

It is true that the a debtor's promise to pay an account "may be implied if a party receiving a statement of account keeps it without objecting to it within a reasonable time." LeBoeuf, Lamb, Greene & MacRae, LLP v. Worsham, 185 F.3d 61, 64 (2d Cir. 1999) (internal quotation marks omitted).  However, "[t]here can be no account stated where . . . any dispute about the account is shown to have existed." Abbott, Duncan & Wiener v. Ragusa, 214 A.D.2d 412, 413 (N.Y. App. Div. 1995).  Otherwise, every tender of an erroneous invoice could give rise to an account stated claim.

Plaintiff's allegations here belie any argument that defendant failed to dispute plaintiff's invoice within a reasonable amount of time.  Rey Montalvo, the principal of CED, admits, "The Club ignored my requests until lawyers became involved in 2011.  At that point, the Club objected to the invoice with, in my view, frivolous and unfounded excuses for non-payment." (Montalvo Decl. ¶ 3.)  The complaint also alleges that Montalvo followed up via phone and email with Larry Hines, manager of the Club, and that he met with Hines to discuss the invoice. (Compl. ¶ 20.)  After Montalvo failed to resolve payment of the invoice with Hines, he directed the invoice to Wayne Comer, the finance chair of the Club. (Id.)  These facts demonstrate that the parties disputed payment of the invoice, and that an

9

account stated claim is thus improper. See LeBoeuf, Lamb, Greene & MacRae, LLP v. Worsham, 185 F.3d at 64; Abbott, Duncan & Wiener, 214 A.D.2d at 413.

IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED.[7]  This case is dismissed without prejudice. Plaintiff must file any motion for leave to amend **within seven days**, or by **Monday, March 31, 2014**, accompanied by a proposed amended complaint. Plaintiff should carefully evaluate whether it has sufficient bases to overcome the deficiencies that the Court has identified herein prior to submitting any such motion.

The Clerk of Court shall close the motion at ECF No. 11 and terminate this action.

SO ORDERED.

Dated:   New York, New York
         March 24, 2014

                                          _____
                                            KATHERINE B. FORREST
                                            United States District Judge

---

[7] The Court does not reach defendant's argument that plaintiff has plaintiff has failed to comply with the requirements of professional engineers under N.Y. Educ. L. § 7209. (Pl.'s Mot. 14–16.)